## TITLE GUARANTY & TRUST CO. v. TURNBULL.

No. 3048.   Opinion Filed January 13, 1914.

(137 Pac. 1178.)

**TRIAL—Time for Trial.** Prior to May 16, 1913, the date on which the Revised Laws of Oklahoma 1910 were adopted, it was reversible error for the trial court to compel a party, over his objection upon such ground, to proceed to a trial of a case upon a date earlier than ten days after the issues were made up.

(a)   As to whether, since May 16, 1913, it is reversible error not determined.

(Syllabus by the Court.)

*Error from District Court, Nowata County;*
*John J. Shea, Assigned Judge.*

Action by W. T. Turnbull against the Title Guaranty & Trust Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*W. A. Chase* and *W. A. Sipe,* for plaintiff in error.

*R. Y. Nance,* for defendant in error.

WILLIAMS, J.   In *City of Ardmore v. Orr,* 35 Okla. 305, 129 Pac. 867, section 5834, Comp. Laws 1909 (section 5043, Rev. Laws 1910), was under consideration, and there it was held that said sections authorized a case to be set for trial at any time during a term, not earlier than ten days after the issues were made up, whether made up within the time fixed to plead before the term or during the term, and that the case in the district court could not, under said statute, without the agreement of the parties, be set for trial earlier than ten days after the time defend-

ant filed his answer, and that it was error to compel the trial of his case over his objection prior to such time—citing several cases, some of which had been decided by the Supreme Court of Kansas prior to the time of the adoption of the Civil Code of Procedure of that state by the Legislature of the territory of Oklahoma.

In *Conwill v. Eldridge,* 35 Okla. 537, 130 Pac. 912, the same statute was under consideration. In the opinion it is said:

"Said statute, where the issues thereto are settled during the term of the court, makes a case triable at the same term of court only after the expiration of ten days from the date the issues are made up. *City of Ardmore v. Orr, ante,* 129 Pac. 867. And it is error for the court to compel a party, over his objection upon this ground, to proceed to a trial of the case on a date earlier than ten days after the issues are made up. Such error on the part of the trial court renders the judgment voidable only, and not void. It is not a jurisdictional error which cannot be waived by the party. The statute is for the benefit of the parties to the action only. It secures to them in all cases a reasonable time after issues joined in which to secure witnesses and prepare for trial. It does not affect third parties, or the state, suing for the benefit of the parties only; they may consent to a trial upon an earlier date than that fixed by statute. By proceeding to trial without objecting thereto, a party acquiesces therein, and, after the trial has resulted adversely to him, he should not be permitted to object that the judgment was erroneous because the case was not triable. Plaintiff made no objection in the trial court that the case was not properly upon the trial docket, and therefore, under the foregoing statute, was not triable; but he there treated the case as if it was properly upon the docket, and sought a continuance upon the statutory ground of an absent witness. In this court he does not urge that the court committed error in overruling his motion for continuance upon the grounds upon which he sought the continuance in the trial court; but he here seeks to have the action of the court declared error upon another ground. Nothing is better settled than that one cannot proceed in the trial of questions in the trial court upon one theory, and, having lost, change front and try to prevail on appeal. * * * Had plaintiff objected to proceeding to trial upon the ground that the case was not triable upon the date for which it was set, or had he made a motion to strike the same from the trial docket for such reason, and saved his excep-

tion to the action of the trial court in refusing to sustain his objection or motion, the act of the court would then be reversible error; but, since he failed to do this, and treated the cause as properly on the trial docket and triable, and sought a continuance upon other grounds, he will be held to have waived his right under the statute, and consented to the trial of the cause, except upon the grounds set forth in his motion, which are not urged in this court."

On September 28, 1910, the plaintiff in error, the Title Guaranty & Trust Company, moved the court for a continuance of the cause, on the ground that the issues were not made up until that day, and that said cause did not stand for trial until ten days had elapsed therefrom. The motion then and there was overruled, and, over the protest of the plaintiff in error (defendant in the court below), it was required to proceed to trial. Under this status of the record, reversible error was committed.

Section 4791, Rev. Laws 1910, was in force when *City of Ardmore v. Orr, supra,* and *Conwill v. Eldridge, supra,* were decided. Said section was taken from the Code of Civil Procedure of Kansas, and in force there when the Supreme Court of Kansas held that it was error to compel the trial of a case on objection within ten days after the issues were made up. Section 6005, Rev. Laws 1910, does not apply to this case, as said section was first incorporated in Rev. Laws 1910, and under the act adopting the Code said section 6005 does not apply to pending causes.

It follows that the cause must be reversed and remanded, with instructions to grant a new trial.

All the Justices concur.