## HARN et ux. v. INTERSTATE BUILDING & LOAN CO. et al.

No. 9281—Opinion Filed April 9, 1918.

Rehearing Denied June 11, 1918.

(172 Pac. 1081.)

(Syllabus.)

**1. Appeal and Error—Reversal—Substantial Error—Premature Trial.**

To compel parties, over their objection, to proceed to the trial of a case at a date earlier than ten days after the issues are made up, as provided by section 5043, Rev. Laws 1910, is a denial of a substantial right of such parties, and is prejudicial error.

**2. Trial—Compelling Parties to Go to Trial —Reversible Error.**

Where the issues were joined with the plaintiffs by one of two defendants in the action, and the other defendant, during a term of court, voluntarily made his appearance and adopted the answer of his codefendant on condition that the case proceed to trial immediately, it was reversible error for the trial court to overrule the motion of the plaintiffs to strike the case from the trial docket and compel them to go to trial over their objection.

Sharp, C. J., and Miley, J., dissenting.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Suit by W. F. Harn and wife against the Interstate Building & Loan Company and another. From a judgment sustaining a demurrer to plaintiffs' evidence on their first cause of action, and awarding nominal damages only on their second cause of action, they bring error. Reversed and remanded, with directions to grant a new trial.

W. F. Harn, for plaintiffs in error.

Wilson, Tomerlin & Buckholts, for defendants in error.

RAINEY, J. This is an appeal from a judgment sustaining a demurrer to the evidence of the plaintiffs on their first cause of action, and in awarding judgment for nominal damages only on their second cause of action, in a suit instituted by Mr. and Mrs. W. F. Harn, as plaintiffs, against the Interstate Building & Loan Company and I. C. Enochs, as defendants. The parties

will be designated as they appeared in the trial court.

Mr. I. C. Enochs, one of the defendants, at the time of the institution of the suit was a nonresident of the state of Oklahoma, and the plaintiffs attempted to obtain service on him by publication. Mr. Enochs, by his attorneys, Wilson, Tomerlin & Buckholts, filed a separate special appearance and motion to quash the summons attempted to be served on him by publication, on the ground that the action was not one wherein service by publication was authorized to be made. The motion to quash was properly sustained by the trial court, for the reason that the plaintiffs, in their action, sought to recover a money judgment only against Mr. Enochs, and neither the affidavit nor the notice by publication brought the case within the class of cases provided for in section 4723, Rev. Laws 1910, authorizing such service. Thereafter plaintiffs, by leave of court, filed a supplemental affidavit and motion to vacate the order sustaining the motion of the defendant Enochs to quash the service by publication. This motion was overruled, and exceptions allowed plaintiffs. The record then disclosed the following proceedings:

"By Mr. Harn: Now, if your honor pleases, I have a motion here that I will read. It is a motion to strike the case from the docket (reads the motion).

"By Mr. Wilson: Your honor, at this time the defendant I. C. Enochs agrees to enter his appearance in this case, with the understanding that he adopts the answer of the Interstate Building & Loan Company as his answer in this case, and with the further understanding that this case goes to trial immediately.

"By the Court: Is that satisfactory?

"By Mr. Harn: No.

"By the Court: Why?

"By Mr. Harn: Since I. C. Enochs is now in the case we are not ready for trial."

Thereupon Mr. Harn filed the motion to strike the case from the docket and for a continuance, in which it was alleged that the plaintiffs had been informed and believed that Mr. Enochs was at that time in Oklahoma City, and that personal summons could be served on him by the sheriff of Oklahoma county. This motion was overruled by the court in the following language:

"The motion for continuance will be overruled, the defendant I. C. Enochs entering his appearance in this action, and adopting as his answer all the allegations of the answer of the Interstate Building & Loan Company.

"By Mr. Harn: The plaintiffs except."

One of the errors assigned for reversal of the judgment is that the court erred in overruling the motion of the plaintiffs for a continuance, and to strike the case from the docket, and in support thereof counsel for plaintiffs say that it was reversible error for the court to force the plaintiffs to trial at a time when the issues had not been made up for ten days, and that said action of the court was in violation of their statutory rights. Section 5043, Rev. Laws 1910, in part, reads as follows:

"Actions shall be triable at the first term of court, after or during which the issues therein, by the time fixed for pleading are, or shall have been made up. When the issues are made up, or when the defendant has failed to plead within the time fixed, the cause shall be placed on the trial docket, and if it be a trial case shall stand for trial at such term ten days after the issues are made up, and shall, in case of default, stand for trial forthwith. * * *"

Mr. Enochs certainly had the right to waive the issuance of summons, to enter his appearance, and to adopt the answer of his codefendant, but we do not think the trial court was authorized to impose upon the plaintiffs the condition that the case was to proceed to trial immediately, as proposed by counsel for Mr. Enochs. Plaintiffs had the right to plead to Mr. Enochs' answer, who was not in court until he voluntarily made his appearance and adopted the answer of his codefendant. Under the provisions of section 5043, supra, where the issues in a case are settled during a term of court, the case is triable at that term only after the expiration of ten days from the date the issues are made up. Conwill v. Eldridge, 35 Okla. 537, 130 Pac. 912; City of Ardmore v. Orr, 35 Okla. 305, 129 Pac. 867; Title Guaranty & Trust Co. v. Turnbull, 40 Okla. 294, 137 Pac. 1178; Chicago, R. I. & P. Ry. Co. v. Pitchford, 44 Okla. 197, 143 Pac. 1146.

All of the above cases arose before section 6005, Rev. Laws 1910, went into effect on May 16, 1913. Said section is as follows:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

We cannot hold the error harmless under this statute, for the reason that the time for trial, as provided by section 5043, supra, is a statutory right, in fact a valuable one. As was observed in the case of Conwill v. Eldridge, supra, the purpose of the statute is to secure to the parties to the action a reasonable time after the issues are joined in the case, in which to secure witnesses and to prepare for trial, and it is reversible error for the court to compel a party, over his objection on this ground to proceed to the trial of a case on a date earlier than ten days after the issues are made up. While the time for trial may be waived, the record in this case shows that it was not.

It is urged, however, that the plaintiffs, by insisting that the service by publication as to Mr. Enochs was good, and by moving for a default judgment against him, are not in a position, after an adverse ruling, to say that they were entitled to have the case stricken from the trial docket and the cause continued. We cannot concur in this view. An attorney, who believes that his client is entitled to a default judgment, does not usually take his witnesses with him when he goes into court insisting upon such default judgment. In such cases where the court, to which such application is made, holds the service insufficient, the attorney knows that he cannot proceed to trial without service, and is seldom prepared to enter into a trial of the issues. It may sometimes happen, as in this case, that the defendant, notwithstanding the invalidity of the service, enters his appearance, but this procedure is the exception, and the rule must be such as to protect the rights of parties litigant in all cases.

If section 5043, supra, could be construed as directory only, we would then, after an examination of the entire record, determine whether the error complained of had probably resulted in a miscarriage of justice; but, as we construe said section, it is the mandatory duty of the court to allow the parties to the action at least ten days to prepare for trial after the issues are made up, where the right is not waived, and we must hold in this case that the denial of the motion to strike the case from the trial docket was a substantial violation of plaintiffs' statutory rights.

The cause is therefore reversed and remanded, with directions to grant a new trial.

All the Justices concur, except SHARP, C. J., and MILEY J., who dissent.