## DICKINSON v. FOOT et al.

No. 7114—Opinion Filed June 11, 1918.

(173 Pac. 522.)

(Syllabus.)

1. Pleading—Removal of Causes — Personal Summons — Answer Day — Time—Estoppel.

F., a citizen of Oklahoma, commenced an action against D., a citizen of the state of Texas, causing a summons to be issued and served upon D. in the latter state, which required the defendant to answer the petition of the plaintiff on or before the 1st day of April, 1914. After the service of this summons which by statute (section 4727, Rev. Laws 1910), was entitled to no other or greater force and effect than service by publication, the defendant voluntarily came within the jurisdiction of the trial court, whereupon personal summons was duly issued and served upon him, which required him to answer the petition of the plaintiff on or before the 6th day of March, 1914. Held: (1) That the latter personal summons superseded the former summons by publication, and that the answer day fixed therein was the time the defendant was required by the laws of the state to answer or plead to the petition of the plaintiff; (2) that a petition for the removal of said cause from the state to the federal court, which was not made and filed until after the expiration of said date, was made and filed too late to comply with the requirements of section 29 of the federal Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1095, [U. S. Comp. St. 1916, § 1011]); (3) that the plaintiff is not estopped from complaining of the defendant's delay.

2. Exchange of Property — Rescission for Fraud — Judgment — Sufficiency of Evidence.

Record examined, and held that the judgment rendered is reasonably supported by the evidence.

Error from District Court, Major County; James W. Steen, Judge.

Action by Aaron N. Foot and Martha Foot against A. D. Dickinson. Judgment for plaintiffs, and defendant brings error. Affirmed.

Henry M. Gray, McAdams & Haskell, and D. S. Levy, for plaintiff in error.

Jno. V. Roberts and Tom E. Willis, for defendants in error.

KANE, J. This was an action commenced by the defendants in error, plaintiffs below, against the plaintiff in error, defendant below, for the purpose of rescinding a certain contract, relating to the exchange of certain real estate, upon the ground of fraud. Hereafter the parties will be called "plaintiffs" and "defendant," respectively, as they appeared in the trial court. Upon trial to the court there was a judgment and decree in favor of plaintiffs, to reverse which this proceeding in error was commenced.

Counsel for defendant present their grounds for reversal under numerous assignments of error, but from a careful examination of their brief we are convinced that the grounds for reversal seriously relied up-

on may be briefly stated as follows: (1) Error of the court in overruling defendant's petition for the removal of said cause from the s ate to the federal court; (2) the decision and judgment of the trial court is contrary to the evidence.

It is conceded by counsel for the respective parties that the cause was removable upon the ground of the diversity of citizenship of the plaintiffs and defendant, and that the trial court overruled the same upon the sole ground that the petition for removal was made and filed too late, for the reason that it was not made and filed until after the time the defendant was required, by the laws of the state, to answer or plead to the declarations or complaint of the plaintiffs, as required by section 29 of the federal Judicial Code. It seems that shortly after the suit was filed the plaintiffs caused a summons to be issued, directed to the sheriff of Tarrant county, Tex., which required the defendant to answer the petition of the plaintiffs on or before the 1st day of April, A. D. 1914. If this summons was duly served and returned—and for the purpose of this case we will assume that it was—it, by a state statute, would be entitled to the same force and effect as "service by publication, and no other or greater force or effect." Section 4727, Rev. Laws 1910. Subsequent to the issuance of this summons, which we assume was served in a sister state, the defendant voluntarily came within he jurisdiction of the trial court, whereupon the plaintiffs caused personal service to be served upon him. This summons was issued on the 4th day of February, 1914, returnable on the 14th day of February, 1914, and commanded the defendant to answer the petition of the plaintiffs on or before the 6th day of March, 1914. This summons was in all respects regular, and the answer day stated was strictly in accordance with the state statute. The petition for removal was filed on the 27th day of March, 1914, which was prior to the answer day as stated in the summons served on the defendant out of the state, but subsequent to the answer day fixed by the summons, which was personally served upon him, within the jurisdiction of the trial court. The trial court held that the answer day stated in the summons served upon the defendant within the jurisdiction of the trial court was the time the defendant was required by the laws of the state to answer or plead, within the meaning of the federal statute, and therefore the petition for removal was filed too late. The defendant contends that this was error for two reasons: (1) That

the summons served upon the defendant within the jurisdiction of the trial court was void because it purports to be an alias summons, and there can be no alias summons without a prior summons having been issued; (2) the plaintiffs were estopped from objecting to the removal of their cause by their own acts in causing the issuance of the summons personally served upon the defendant prior to the return day of the summons served out of the state. In our judgment, both these objections are wholly untenable. As we have seen, the first summons issued and served out of the state had, under our statute, only the force and effect of service by publication. If, after the issuance of such a summons and before the return thereof, the defendant saw fit to come within the jurisdiction of the trial court, we can conceive of no good reason why the plaintiffs were not at liberty to secure personal service of summons upon him. This is precisely what was done in the case at bar, and the trial court was entirely right in holding that the last summons issued and served upon the defendant, which conferred jurisdiction upon the trial court over the person of the defendant and the subject of the action, superseded the first summons, which, at best, had no other or greater effect than service by publication. And the mere fact that the second summons was improperly designated "alias summons" upon the margin thereof is not sufficient to work a reversal (section 6005, Rev. Laws 1910); the summons being regular in all other respects, it was not harmful error for the trial court to disregard this technical defect.

What we have already said on the first question necessarily answers the second contention of counsel. It is true, as counsel say, that the Supreme Court of the United States has recognized, in case after case, that the failure of the defendant to file his petition for removal within the time allowed him to plead under the laws of the state does not justify the denial of his petition, if the plaintiff has estopped himself from complaining of the defendant's delay. But we are unable to perceive any room for the operation of the doctrine of estoppel in the case at bar. If, as we have held, the plaintiffs were within their rights in obtaining personal service upon the defendant, notwithstanding their previous effort to procure service by publication, and that the service thus obtained was valid and superseded the attempted service by publication, no estoppel arose out of such action. We have examined Powers v. Chesapeake &

Ohio Ry. Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673, Ayres et al. v. Watson, 113 U. S. 594, 5 Sup. Ct. 641, 28 L. Ed. 1093, and Northern Pacific Ry. Co. v. Austin, 135 U. S. 315, 10 Sup. Ct. 758, 334 L. Ed. 218, relied upon by counsel for defendant as authorities sustaining their contention, and find them to be not in point.

The remaining question goes merely to the sufficiency of the evidence to sustain the judgment of the trial court. There was a great deal of evidence adduced at the trial upon the question of fraud. We have examined it all with considerable care, and are of the opinion that it is sufficient to sustain the judgment of the trial court. No useful purpose would be subserved by attempting to set out this evidence at length in this opinion. The court below heard the witnesses upon the stand, observed their demeanor, and was in all respects more favorably situated to weigh the evidence, which was sharply conflicting, than this court. In these circumstances, the judgment rendered, not being clearly against the weight of the evidence, will not be disturbed on appeal.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.