## ACME HARVESTING MACHINE CO. v. WILLIAMS (DEMOCRAT PRINTING CO., Garnishee).

No. 11020—Opinion Filed March 13, 1923.

(Syllabus.)

**Trial—Time for Trial.**

Under the provisions of section 5043, Rev. Laws 1910, it is reversible error for the trial court to compel a party over objections to proceed to trial upon a date earlier than

ten days after the issues are made by the pleadings.

Error from District Court, Wagoner County; Benjamin B. Wheeler, Judge.

Action by the Acme Harvesting Machine Company, a corporation, against V. W. Williams (the Democrat Printing Company, a corporation, garnishee) to recover on promissory notes. Judgment for defendant. Plaintiff brings error. Reversed and remanded.

C. E. Castle, for plaintiff in error.

John C. Graves, for defendant in error.

KENNAMER, J. The Acme Harvesting Machine Company, a corporation, commenced this action in the district court of Wagoner county against V. W. Williams, defendant, and the Democrat Printing Company, a corporation, garnishee. The defendant filed an amended answer and cross-petition on the 20th day of March, 1919. On the 31st day of March plaintiff filed demurrer to the third count of the amended answer and cross-petition.

On April 24, 1919, the defendant was permitted to dismiss the third count of the cross-petition and amended answer. The case was called for trial on April 25, 1919. The plaintiff requested the court to strike the cause from the trial docket and objected to going to trial. The objections of the plaintiff were overruled, and the plaintiff refused to proceed with the trial of the case.

Counsel for the defendant requested the court to direct the jury to return a verdict for the defendant on the pleadings and the refusal of the plaintiff to prosecute the action. Whereupon the court rendered judgment in favor of the defendant upon the pleadings and statement of counsel. Motion for new trial was filed and overruled, and this appeal is prosecuted to reverse the judgment of the trial court.

Under section 5043, Rev. Laws 1910, it was reversible error to require the plaintiff to try the case prior to the ten days from the date the issues were made by the time fixed for pleading. City of Ardmore v. Orr, 35 Okla. 305, 129 Pac. 867; Title Guaranty & Trust Co. v. Turnbull, 40 Okla. 294, 137 Pac. 1178; Norris et al. v. City of Lawton et al., 47 Okla. 213, 148 Pac. 123; Harn et ux. v. Interstate Building & Loan Co., 68 Okla. 227, 172 Pac. 1081.

In the case at bar the plaintiff had on file, on the day prior to the date on which the case was called for trial, a demurrer to a part of the answer of the defendant, and the defendant by dismissing that part of her answer and cross-petition evidently recognized the fact that the demurrer was well taken. The plaintiff had a right to have his demurrer disposed of before filing a reply to the answer and cross-petition of the defendant.

It is clear from the record in this case that the trial judge should have stricken the case from the trial docket and granted the plaintiff reasonable time to file reply to the defendant's answer, and, according to the provisions of the statute, supra, the trial court committed reversible error in proceeding with the trial of the cause and in rendering judgment against the plaintiff.

For the reasons given, the judgment is reversed, and the cause is remanded, with directions to grant the plaintiff a new trial.

JOHNSON, V. C. J., and McNEILL, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.