## STICKLER v. WESTBURY.

No 11809—Opinion Filed Feb. 19, 1924.

**Trial—Time for Trial After Issues Made Up —Reversible Error to Compel Trial Before Statutory Time.**

Under section 5043, Rev. Laws 1910, and section 4756, Rev. Laws 1910, it is reversible error for the trial court to compel a party to proceed to trial upon the date when the issues are made up, over the objection of such party, where it does not appear that a demurrer has been adjudged to be frivolous. The proper procedure in such circumstances requires that the case be stricken from the trial docket, and set for trial according to the provisions of the statute, supra. Acme Harvesting Machine Company v. Williams, 90 Okla. 35, 213 Pac. 731, followed.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Okmulgee County; Lucien B. Wright, Judge.

Action by George H. Stickler against William Westbury. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

T. F. Shackelford, for plaintiff in error.

Eaton & Gilder, for defendant in error.

Opinion by LYONS, C. This is an action for the recovery of damages for the alienation of a wife's affections. The jury returned a verdict for defendant. Plaintiff appeals. A number of errors are specified, but it is necessary to notice only one, which necessarily requires a reversal.

On February 21, 1920, defendant filed an amended answer: on February 24, 1920, plaintiff filed a demurrer to this answer. On February 24, 1920, plaintiff filed an amended petition: on February 26, 1920, the defendant filed his answer to the amended petition. On February 27, 1920, the plaintiff filed a "special demurrer" to the answer to the amended petition. On the same date, February 27, 1920, this demurrer was disposed of. On the following day, February 28, 1920, the plaintiff filed his reply. On the same date, over the objection of the plaintiff, the court forced the plaintiff to

trial. The plaintiff specifically objected on the ground that the cause did not stand for trial under the provisions of the statute until ten days after the issues were made up. The court disregarded this contention and required the plaintiff to proceed to trial forthwith. This was reversible error.

Section 4756, Rev. Laws 1910, provides as follows:

"The answer or demurrer, by the defendant, shall be filed wthin twenty days after the day on which the summons is returnable; the reply or demurrer shall be filed within thirty days after the day on which the summons was made returnable; the demurrer to the reply shall be filed within forty days after the day on which the summons was made returnable."

Section 5043, Rev. Laws 1910, provides as follows:

"Actions shall be triable at the first term of court after or during which the issues therein, by the time fixed for pleading are, or shall have been made up. When the issues are made up, or when the defendant has failed to plead within the time fixed, the cause shall be placed on the trial docket, and if it be a trial case shall stand for trial at such term ten days after the issues are made up, and shall, in case of default, stand for trial forthwith. When any demurrer shall be adjudged to be frivolous the cause shall stand for hearing or trial in like manner as if an issue of fact had been joined in the first instance."

It is apparent that under the situation presented it was error to proceed to the trial of the cause on February 28, 1920, over the objection of the plaintiff.

The rule announced by this court in the case of Acme Harvesting Co. v. Williams, 89 Okla. 35, 213 Pac. 731, is applicable to this controversy. In that case Justice Kennamer, in a well-considered opinion, has laid down the rule:

"The Acme Harvesting Machine Company, a corporation, commenced this action in the district court of Wagoner county against V. W. Williams, defendant, and the Democrat Printing Company, a corporation, garnishee. The defendant filed an amended answer and cross-petition on the 20th day of March, 1919. On the 31st day of March plaintiff filed demurrer to the third count of the amended answer and cross-petition.

"On April 24, 1919, the defendant was permitted to dismiss the third count of the cross-petition and amended answer. The case was called for trial on April 25, 1919. The plaintiff requested the court to strike the cause from the trial docket and objected to going to trial. The objections of the plaintiff were overruled, and the plain-

tiff refused to proceed with the trial of the cause.

"Counsel for the defendant requested the court to direct the jury to return a verdict for the defendant on the pleadings and the refusal of the plaintiff to prosecute the action; whereupon the court rendered judgment in favor of the defendant upon the pleadings and statement of counsel. Motion for new trial was filed and overruled, and this appeal is prosecuted to reverse the judgment of the trial court.

"Under section 5043, R. L. 1910, it was reversible error to require the plaintiff to try the case prior to the ten days from the date the issues were made by the time fixed for pleading. City of Ardmore v. Orr, 35 Okla. 305, 129 Pac. 867; Title Guaranty & Trust Co. v. Turnbull, 40 Okla. 294, 137 Pac. 178; Norris et al. v. City of Lawton et al., 47 Okla. 213, 148 Pac. 123; Harn et ux. v. Interstate Building & Loan Co., 68 Okla. 227, 172 Pac. 1081.

"In the case at bar the plaintiff had on file, on the day prior to the date on which the case was called for trial, a demurrer to a part of the answer of the defendant, and the defendant, by dismissing that part of her answer and cross petition, evidently recognized the fact that the demurrer was well taken. The plaintiff had a right to have his demurrer disposed of before filing a reply to the answer and cross-petition of the defendant.

"It is clear from the record in this case that the trial judge should have stricken the case from the trial docket and granted the plaintiff reasonable time to file reply to the defendant's answer, and, according to the provisions of the statute, supra, the trial court committed reversible error in proceeding with the trial of the cause and in rendering judgment against the plaintiff."

The foregoing language applies squarely to the situation in this case, and for the reasons given the judgment is reversed and the cause is remanded, with directions to grant plaintiff a new trial.

By the Court: It is so ordered.