## VINCENT v. KELLY.

No. 16915—Opinion Filed July 13, 1926.

Rehearing Denied Oct. 19, 1926.

(Syllabus.)

1. **New Trial — Grounds — Negligence of Attorney not "Unavoidable Casualty or Misfortune."**

The attorney appearing of record and present in court when a cause is called for trial is the agent of the litigant represented by him for the purposes of the trial, and if the cause is not properly triable at the time it is set for the reason that it has not been at issue for ten days prior thereto, as provided by section 582, Comp. Stats. 1921, it is the duty of the attorney

to call the court's attention to that fact and ask that the case be stricken from the trial docket and a continuance granted, and if he fails to do so and makes no objection to the case proceeding to trial, but announces his withdrawal as attorney in the cause and leaves the courtroom, his act will be considered the act of his client and a new trial will not be granted upon the grounds of unavoidable casualty and misfortune.

**2. Judgment—Grounds for Vacating Default—Negligence of Attorney not "Unavoidable Casualty or Misfortune."**

It is the duty of an attorney regularly employed in a case to keep advised of its situation and the proceedings had therein, and where, in a proceeding to vacate a judgment under subdivision 7 of section 810, Comp. Stats. 1921, on the grounds of unavoidable casualty or misfortune, the evidence discloses no event or casualty happening against the will and without the negligence or other default of a party, but only carelessness on the part of the attorney in allowing such default to be taken, and that the exercise of proper care and reasonable diligence could have kept h'm properly advised as to the proceedings and enabled him to appear and defend, such negligence by the attorney in the performance of this duty cannot be considered such unavoidable casualty or misfortune as prevented the party from defending within the purview of this statute, and the trial court did not err in overruling the petition.

Appeal from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by James B. Kelly against J. M. Vincent, Jr., and another. Judgment for plaintiff, and from the court's order denying petition to vacate such judgment, defendant appeals. Affirmed.

G. R. Horner, for plaintiff in error.

Caruthers & Irwin, for defendant in error.

PHELPS, J. This cause was originally filed in the superior court of Okmulgee county, it being an action on a promissory note. It appears from the record that plaintiff in error Vincent, who was one of the defendants below, was represented by two firms of attorneys, one firm living at Bristow and the other living at Okmulgee, both of whom appeared as attorneys of record. The issues having been joined, the cause was set for trial for the 17th day of September, 1924, and judgment by default was rendered, the journal entry of which judgment containing the following recitation:

"The case being first called, the plaintiff

announces ready, and the defendant being not ready, the case is set for a later hour of the same day, upon agreement of the respective parties by their attorneys of record that a jury would be waived. At the appointed time the case is again called, and the plaintiff announces ready, and the defendants F. E. Morley and J. M. Vincent, Jr., are each three times called in open court but answer not. Thereupon, the firm of Beckett and Lewis announce that owing to the fact that defendant J. M. Vincent, Jr., having not appeared, and they being merely local associate counsel, they desired to retire as counsel of record."

On November 13, 1924, plaintiff in error filed his petition to vacate the judgment, alleging that the court was without jurisdiction to enter the judgment complained of for the reason that the cause had not been at issue ten days prior to the date of trial, further alleging that immediately after the service of summons on him he employed a firm of attorneys at Bristow to represent him in his defense of said action, and that they in turn associated with them a firm of attorneys at Okmulgee; further alleging that the printed docket for that term of court showing the date upon which this cause was set for trial was issued more than two weeks before the trial date, which printed docket was promptly furnished the local attorneys at Okmulgee, and such local attorneys wholly neglected and failed to advise defendant or his Bristow attorneys of the setting of said cause, and that such local attorneys also failed to advise the court that the cause was improperly upon the trial docket because the same had not been at issue ten days prior thereto, and when the cause was reached on the trial docket such local attorneys withdrew from the cause, retired from the courtroom and allowed default judgment to be taken, and prayed that the judgment be vacated and set aside, which prayer was denied, to reverse which th's appeal is prosecuted.

Plaintiff in error, for reversal, urges the proposition that the court was without jurisdiction to render the judgment for the reason that the cause was not at issue ten days prior to the rendition of the judgment as provided by section 582, Comp. Stats. 1921, and that the absence of his attorney constituted unavoidable casualty and misfortune as contemplated by subdivision 7 of section 810, Comp. Stats. 1921, and as sustaining this proposition he cites Harn v. Interstate Building & Loan Co., 68 Okla. 227, 172 Pac. 1081; Title Guaranty & Trust Co. v. Turnbull, 40 Okla. 294,

137 Pac. 1178, and Acme Harvesting Machine Co. v. Williams, 89 Okla. 35, 213 Pac. 731; but an examination of these authorities shows that in each instance the party complaining was in court objecting to being forced to trial, and they are, therefore, not applicable to the facts in this case, for page 41 of the record discloses that when the cause was called for trial, Mr. Beckett, the local attorney for the plaintiff in error, said:

"Mr. Beckett: Before the case goes to trial, I desire to withdraw as counsel— not acquainted with the facts in the case, do not even know the defendant. My connection has been as local counsel to represent Pounders and Pardoe.

"The Court: What is your contention? They were not notified this case was set for trial?

"Mr. Beckett: I presume so; I did not notify them.

"Mr. Caruthers: Judge Beckett, your name does appear as counsel for defendant, Vincent, in the pleadings.

"Mr. Beckett: It appears on the pleadings as one of the counsel, but only as local counsel. I desire to withdraw now from the case. (Attorney leaves court-room.)"

It will, therefore, be seen that the authorities cited are not illuminative here, for the reason that plaintiff in error appeared in court by local counsel, and we indulge the presumption that if such counsel had called the court's attention to the fact that the cause had not been at issue the required length of time and had asked for a continuance, the same would have been granted, but having contented himself by withdrawing from the cause and leaving the courtroom and making no objection to the court proceeding with the trial, the act of the attorney must be considered here the act of his client.

Neither is Carter v. Grimmett, 89 Okla. 37, 213 Pac. 732, cited by plaintiff in error, controlling, because the facts there and the facts in the case at bar are not at all similar. The law in this state is so well-settled that, the attorney representing the litigant being the agent of the litigant for the purposes of the trial, the attorney's negligence cannot be made the grounds for relief, that a voluminous citation of authorities or discussion of the reason supporting such authorities is unnecessary. Lindsey v. Goodman, 57 Okla. 408, 157 Pac. 344; Wagner v. Lucas, 79 Okla. 231, 193 Pac. 421; Price v. Preston, 103 Okla. 47, 229 Pac. 437.

Finding no reversible error, the judgment of the trial court is affirmed.

BRANSON, V. C. J., and HARRISON, MASON, LESTER, HUNT, and RILEY JJ., concur.

Note.—See under (1) 29 Cyc. p. 876; 24 A. L. R.p. 1025; 20 R. C. L. p. 287; 4 R. C. L. Supp. p. 1350; 5 R. C. L. Supp. 1095. (2) 34 C. J. p. 314 §534; 15 R. C. L. p. 711; 3 R. C. L. Supp. p. 489.