## BOORIGIE et al. v. BOORIGIE.

No. 17029.  Opinion Filed March 27, 1928.

(Syllabus.)

**Trial—Error to Compel Trial Before Ten Days After Issues Joined.**

To compel parties, over their objection, to proceed to trial of a case at a date earlier than ten days after the issues are made up, as provided by section 582, C. O. S. 1921, is a denial of a substantial right of such parties, and is prejudicial error.

Error from District Court, Cherokee County; J. T. Parks, Judge.

Action by Abdo Boorigie against William Boorigie et al. for damages. Judgment for plaintiff, and defendants appeal. Reversed.

P. J. Carey, for plaintiffs in error.

Bruce L. Keenan, for defendant in error.

CLARK, J. Plaintiffs in error were defendants in the court below; defendant in error was plaintiff in the court below. For convenience, parties will be referred to as they appeared in the trial court.

This action was commenced in the district court of Cherokee county by Abdo Boorigie, plaintiff, against William Boorigie, C. W. Mitchell, J. E. Briggs, S. R. Patrick, and J. D. Gulager, to recover on two injunction bonds; first bond given in cause No. 1453, wherein said William Boorigie had obtained temporary restraining order against Abdo Boorigie, giving bond in the sum of $500, with C. W. Mitchell and J. E. Briggs as sureties. This cause was later dismissed without prejudice, on agreement to effect a settlement between the parties thereto if possible. Their differences were not settled, and said cause was filed again under No. 1707, in Cherokee county, same plaintiff, with Abdo Boorigie as defendant. Another bond was given by William Boorigie, plaintiff in the court below, as principal, and S. R. Patrick and J. D. Gulager as sureties. Plaintiff sought to recover damages by virtue of the temporary injunction or restraining order issued in the court below, which was by the court later dissolved.

A trial was had of this cause to a jury, verdict returned in court below in favor of plaintiff; defendants bring cause here for review, making 19 assignments of error.

The fourth assignment of error is as follows:

"The court erred in forcing plaintiffs in error into trial for the following reason: Motion for continuance by plaintiffs in error should have been sustained and said cause continued. Said cause had not been at issue for a period of ten days at the time the same was tried."

Defendants objected seriously to going to trial at the time this cause was called for trial, and filed with the court an application for continuance which set out that defendants could not go to trial for the reason that the defendants C. W. Mitchell, S. R. Patrick, and J. D. Gulager were each confined to their beds and too ill to leave their homes and come to Tahlequah for the trial. This motion was accompanied by affidavit and certificate of physician who attended defendant Mitchell and also by affidavit and certificate of Colonel Scott, who was in charge of the U. S. Veterans Hospital at Muskogee, Okla., to the effect that J. D. Gulager was confined in the hospital at that time, and unable to attend the trial. It also set out that Mitchell and Patrick and Gulager were material witnesses for the

defendants and if they were present they would testify that the room in Hulbert, for which the plaintiff was asking to recover $5 per month as rental, was in fact in such a dilapidated condition that the use thereof was worth nothing, and the further fact that it was necessary for the defendants to be present and assist in the defense of their case. Said application for continuance further set out that the issues in said cause were joined by the filing of reply of plaintiff on the second day of February, and that said cause was set for trial within ten days from that date, and for that reason same was improperly set for trial, and should be stricken from the trial docket or reset for a later date; that the defendants Mitchell and Patrick were taken sick three or four days prior to the date of trial, with influenza, and did not anticipate that the case would be called for trial, and made no preparations for trial, expecting the same to be continued for the reason the issues were not joined in time. Defendants asked that cause be continued for a reasonable length of time in order that said defendants might properly defend, and further moved the court to strike the cause from the assignment, as the same was set for trial within ten days from the time the issues were made up in this cause, and defendants objected to going to trial within said period of ten days allowed them by law. This motion of the defendants was overruled; said cause called for trial, to which action of the court the defendants excepted. In this cause a petition was filed, answer filed thereto, and on the second day of February, 1925, the plaintiff filed reply to the answer of defendants. The case was tried on the 12th day of February, within ten days from the time the issues were made. The defendants insisted that they made every effort to get ready for trial, but were not ready at the date case was called.

One affidavit of Colonel Scott, from the Veterans Hospital, as to defendant Gulager, and one by Dr. Brown as to defendant Mitchell, and the further showing that Patrick, defendant, was also sick, show that these parties to the suit were unable to attend and were considered by defendants as material witnesses.

Section 264, C. O. S. 1921, under the title of Pleadings, provides:

"The only pleadings allowed are: First. The petition by the plaintiff. Second. The answer or demurrer by the defendant. Third. The demurrer or reply by the plaintiff. Fourth. The demurrer by the defendant to the reply of the plaintiff."

Under this section of the statute, the reply of plaintiff was a proper pleading, provided for by our statute, and deemed necessary by plaintiff to join issues with the defendants' answer.

Section 582, C. O. S. 1921, provides in part as follows:

"* * * When the issues are made up, or when the defendant has failed to plead within the time fixed, the cause shall be placed on the trial docket, and if it be a trial case shall stand for trial at such term ten days after the issues are made up, and shall, in the case of default, stand for trial forthwith. * * *"

This court, in the case of Acme Harvesting Machine Co. v. Williams, 89 Okla. 35, 213 Pac. 731, construing this statute, in the first paragraph of syllabus, said:

"Under the provisions of section 5043, Rev. L. 1910, it is reversible error for the trial court to compel a party over objections to proceed to trial upon a date earlier than ten days after the issues are made by the pleadings."

This case cites with approval the following cases: Title Guaranty & Trust Co. v. Turnbull, 40 Okla. 294, 137 Pac. 1178; Harn v. Interstate Building & Loan Co., 68 Okla. 227, 172 Pac. 1081; City of Ardmore v. Orr, 35 Okla. 305, 129 Pac. 867.

Under the law as announced in these cases it was error for the trial court to compel defendants in error to proceed to trial within ten days after the issues were joined or made up in this cause.

The trial court, for good cause shown, may at any time permit amendments to pleadings or permit pleadings to be filed out of time, which is within the sound discretion of the trial court, and such act on the part of the trial court would not entitle the opposing party to a continuance unless such an amendment or such pleadings filed out of time would change the issues of the demand or defense.

It is within the sound discretion of the trial court to grant or deny a continuance, and the same will not be disturbed on appeal unless it appears from the entire record that such discretion was abused and that the defendants were denied some substantial rights.

The statute gives a party to an action pending in the trial court ten days after issues are made up in which to prepare for trial, and it is error for the trial court to compel parties to try their case before ten days has expired. We are therefore of the opinion that the trial court erred in overruling defendants' application for postponement or continuance.

There are other assignments of error, but as the case must be reversed for a new trial, it is unnecessary to pass on the same at this time.

The cause is therefore reversed and remanded, with directions to grant the defendants a new trial.

All the Justices concur.