**LEASBURGE v. HORNER.**

No. 15048—Opinion Filed June 2, 1925.

**Costs—Attorney's Fee in Lien Foreclosure— Right of Defendant Disclaiming Interest.**

Under section 7482, Comp. Stat. 1921, where a defendant in an action to enforce a lien by his answer disclaims any interest in the property on which the lien is sought to be enforced, he cannot recover an attorney's fee against the plaintiff.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by M. B. Leasburge against J. J. Geary et al. Judgment for defendant R. H. Horner, and plaintiff appeals. Reversed.

Mosier, Bohannon & Mosier, for plaintiff in error.

H. S. Samples, for defendant in error.

Opinion by RAY, C. M. B. Leasburge

commenced suit in the district court of Okmulgee county against J. J. Geary and a number of other parties, including the defendant in error, R. H. Horner, to recover the sum of $4,157, and to foreclose a lien for work done and material furnished in cleaning out and putting in operation an oil and gas well on an oil and gas mining lease. The defendant Horner filed his separate answer, in which he disclaimed any interest in the property upon which the lien was sought to be enforced, and by cross-petition prayed judgment against the plaintiff for an attorney's fee which he claimed under section 7482, Comp. Stat. 1921, which reads as follows:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

Judgment was entered for plaintiff foreclosing his lien, and for an attorney's fee. Thereafter, trial was had on issue joined on the cross-petition of Horner and judgment was entered for Horner against the plaintiff for $75 as attorney's fee, from which plaintiff has appealed.

The interpretation placed upon the statute by the trial court is so manifestly contrary to its plain intent and meaning that comment seems superfluous. The statute does not purport to authorize the allowance of an attorney's fee except in an action brought to enforce a lien. It provides for an attorney's fee to the party for whom the judgment is rendered, which clearly means that the attorney's fee shall be awarded to the party for whom judgment is rendered in the foreclosure proceeding. The fee is allowed to the prevailing party only. Where a defendant by his answer disclaims any interest in the property, he is not a party to the decree of foreclosure. After the disclaimer is filed he will not be heard to contest the enforcement of the lien. He becomes, by his disclaimer, a stranger to the proceedings to enforce the lien. The attorney's fee was allowed Horner, not upon the ground that he had successfully defended against an action to enforce a lien upon his property but, evidently, upon the ground that he had wrongfully been made a party defendant.

The judgment is reversed with directions to enter judgment against Horner on his claim for an attorney's fee.

By the Court: It is so ordered.

Note.—See under (1) 37 C. J. p. 347 (1926 Anno).