## FEARNSIDE, County Treas., v. GRAHAM.

No. 20233.   Opinion Filed July 28, 1931.

S. H. Lattimore, for plaintiff in error.

Stone, Moon & Stewart, for defendant in error.

LESTER, C. J.   This is an appeal from the judgment of the district court of Muskogee county, involving one item of the tax levy for the fiscal year 1925-1926.   O. T. Graham recovered judgment in the district court, and from said judgment the defendant appeals.

The assignment of error is as follows: The notice of protest served by the defendant in error, as plaintiff below, upon the county treasurer was not sufficient to sustain the cause of action set forth in his petition and upon which the court gave judgment in his favor.

The particular item herein protested was involved in the case of Pitts, County Treas., v. Allen, 138 Okla. 295, 281 Pac. 126, wherein this court held that the levy for said item was illegal and void, and as hereinabove stated the only question presented on this appeal is whether or not the notice given by the protesting property owners was sufficient.   The notice given was sufficient to place the county treasurer on inquiry.

Notice of protest given by the protesting property owner follows almost identically with the notice approved by this court in the case of Oklahoma News Co. v. Ryan, County Treas., 101 Okla. 151, 224 Pac. 989, and there it is said:

"The purpose of the provisions of section 9971, C. O. S. 1921, requiring the taxpayer to give notice to the officer collecting the tax showing the grounds of complaint, was to require the person complaining to point out the portion of the tax which the taxpayer claims was illegal, together with a sufficient statement of the objections to notify the collector of the character of the objections.   It was not contemplated that the protest should be in any particular form, or that it should meet the requirements of a petition filed in court for the recovery of the taxes.   A notice of protest which pointed out the specific items complained of, together with the exact amount of each tax which it was asserted had been illegally levied, and alleging that such taxes were illegal because they had been levied without authority to make the levy or because the levy was excessive, was a sufficient compliance with the statute."

The appeal is without merit and the judgment is affirmed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.