### DEARSTONE v. GRUBE et al.

No. 21771.  Jan. 23, 1934.

Frank Ertell, for plaintiff in error.

Bailey E. Bell, for defendants in error.

OSBORN, J.  This action was commenced in the district court of Tulsa county by Blanch Dearstone against Anna Grube, Pearl M. Laws, and James Calvin to cancel certain instruments and quiet title to lots 23 and 24 of block 3 of the city of Broken Arrow, Tulsa county, Okla.  The trial court rendered judgment canceling the instruments and quieting title in plaintiff, and rendered a judgment against plaintiff for $300 and established the same as a lien against the property.  From said judgment, plaintiff has appealed.  The parties will be referred to as they appeared in the trial court.

Plaintiff has deraigned her title in the petition, but it is not necessary to discuss the chain of title further back than 1921.  At that time the property was owned by Malinda Vance, who died intestate on November 2, 1921.  Among her heirs was one Bruce W. Dearstone, who inherited one-eighth of the estate.  In order to pay the debts of the estate it was necessary to sell the property involved herein, and one W. B. Paul purchased the same at an administrator's sale.  Plaintiff purchased from W. B. Paul, the deed being dated April 21, 1923.

It developed that the taxes for 1920 were not paid, and on February 2, 1925, a tax deed was issued by Tulsa county to one Anselman Buchanan.  On February 12, 1925, plaintiff secured a quitclaim deed from Buchanan for a consideration of $140.

On April 17, 1922, Bruce W. Dearstone executed a mortgage on the property to Anna Grube, one of the defendants, to secure a promissory note in the sum of $263.50, with interest at 10 per cent per annum and an additional 10 per cent for attorney fees.

On June 5, 1924, Anna Grube filed an action to foreclose the real estate mortgage.  On May 4, 1925, a judgment of foreclosure was entered.  On April 7, 1927, an order of sale was issued.  The property was advertised and sold by the sheriff to Anna Grube for $300.  The sale was confirmed and a sheriff's deed issued to her dated May 17, 1927.

On June 29, 1929, Anna Grube executed a warranty deed to the property to her daughter, Mrs. Pearl M. Laws.  The defendant James Calvin had been occupying the property as tenant of the plaintiff, and on or about July 25, 1929, the said Calvin entered into a rental contract with Pearl M. Laws attorning to her as owner of said property.  This action was filed August 1, 1929.

Plaintiff has been in undisputed possession of the property since 1923 until the date of the execution of the rental contract between her tenant, Calvin, and Pearl M. Laws, and has paid the taxes each year upon the property in question.  She prayed for possession of the property; cancellation

of the sheriff's deed to Anna Grube; cancellation of the deed from Anna Grube to Pearl M. Laws; cancellation of the mortgage made by Bruce W. Dearstone to Anna Grube; cancellation of the rental contract made by Pearl M. Laws to James Calvin; that title be quieted in her against the defendants; and that the judgmeent of foreclosure be vacated and set aside.

The defendant Anna Grube filed an answer and cross-petition, in which she denied generally the allegations of the petition and prayed for judgment against plaintiff for the sum of $488, being the amount of rental collected by plaintiff for two years, and further prayed that title be quieted in her and that plaintiff be adjudged to have no interest in the property.

Pearl M. Laws filed an answer and cross-petition in which she alleged that plaintiff was guilty of laches and prayed for judgment quieting title to the property in her.

The principal issue of fact involved was whether or not the plaintiff herein had been served with summons in the prior action by Anna Grube to foreclose the real estate mortgage executed by Bruce W. Dearstone. The court made a special finding to the effect that she had not been served with summons in that action, although the return of the sheriff showed service upon her. The court found that the evidence establishing this fact was clear, cogent, and convincing, and, after an examination of the record, it is evident that said conclusion was correct. The court further found that plaintiff had actual knowledge of the judgment of foreclosure, and, based upon these two findings, the court entered the following judgment:

"* * * It is therefore, ordered, adjudged, and decreed by the court that the mortgage made by Bruce W. Dearstone to Anna Grube, the judgment of foreclosure thereon, the order directing the sale of said property, the order confirming the sales of such property by the sheriff to Anna Grube, the sheriff's deed made to Anna Grube of such property, the deed made by Anna Grube to Pearl M. Laws, and the rental contract made by Pearl M. Laws to James Calvin, all as hereinbefore set out, and as set out in plaintiff's petition herein, be and same are hereby canceled, vacated and the enforcement of the judgment of foreclosure of said property given by Bruce W. Dearstone to the defendants, or either of them, is hereby enjoined, in so far as the same affects the title to the property hereinabove described and not otherwise.

"And it is further ordered and adjudged by the court that the defendant, Pearl M. Laws, have judgment against the plaintiff for the sum of $300, with interest thereon at the rate of 6% per annum from the 12th day of May, 1927, until paid and for costs of this action; and that said Pearl M. Laws have a lien on the property hereinabove described as security for the payment of said sum, and if said sum be not paid within ten days from the date hereof, that an execution issue out of the office of the court clerk of Tulsa county, directed to the sheriff of Tulsa county, said property to be sold as upon execution, for all of which let execution issue. * * *"

Since this is a case of equitable cognizance, this court will examine and weigh the evidence, and if the judgment of the trial court is against the clear weight of the evidence, this court will render such judgment as the trial court should have rendered. It is noted that the court vacated the mortgage foreclosure proceeding and canceled the sheriff's deed and the mortgage made by Bruce W. Dearstone to Anna Grube; and, under the evidence, this was proper. The result of this portion of the judgment was to destroy any ground upon which a lien might have been fixed against the property for the $300 debt owed from Bruce W. Dearstone to Anna Grube. There is no evidence and no theory of law or fact whereby this indebtedness, owed by a party who was a stranger to the title of this property, might be either fastened upon plaintiff or made a lien against her property. Therefore this portion of the judgment was erroneous.

That portion of the judgment of the trial court against plaintiff for $300 and fixing a lien against the property is vacated; the judgment of the trial court is otherwise affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, and BUSBY, JJ., concur.