## CHAFFIN BROTHERS LUMBER CO. v. WHITE et al.

No. 28366. Jan. 24, 1939.

Meacham, Meacham & Meacham, for plaintiff in error.

Mitchell & Mitchell and A. J. Welch, for defendants in error.

PER CURIAM. Gilchrist Plumbing & Electric Company filed its action against W. A. White and Mrs. W. A. White and Chaffin Brothers Lumber Company to recover $428.10 for a materialman's lien on residence property in Clinton, Okla. The petition alleged that the defendant Chaffin Brothers Lumber Company was the con-

254

tractor and sought to hold it personally liable. Charles Styron filed a cross-petition for $49 for labor.

The defendants W. A. White and Mrs. W. A. White filed a motion to require the plaintiff to make its petition more definite and certain by setting forth the alleged contract it asserted it entered into with the defendant W. A. White, and to require the plaintiff to elect whether it relies on a contract with the defendant Chaffin Brothers Lumber Company or the defendants White. This was overruled. Defendant Chaffin Brothers Lumber Company filed a motion to make more definite and certain, and it was likewise overruled. Plaintiff, during the trial, abandoned the position that it had made a contract with the defendants White.

There was a misdescription of the property, and the petition was amended to meet this defect. A motion to strike the amended petition was filed and overruled. ' The defendants White filed a demurrer, and it was overruled. Chaffin Brothers Lumber Company filed a demurrer, which was also overruled. Chaffin Brothers Lumber Company then filed its answer and denied specifically that it was the contractor. In a separate paragraph it answered by way of cross-petition as to Charles Styron likewise making a denial as to being the contractor. It also filed an answer and cross-petition to the answer of the defendants White and interpleader C. W. Sanders, who it alleged was the real contractor. It then prays for a foreclosure of its lien for $1,797.05.

C. W. Sanders filed. his answer denying that he was the contractor and alleged that the Chaffin Brothers Lumber Company was the contractor and that Sanders was the foreman. The defendants White filed an answer and cross-petition to the answer and cross-petition of Chaffin Brothers Lumber Company, and alleged that the Chaffin Brothers Lumber Company was the contractor by an oral contract, alleged poor construction and material, among other things, and asked that the defendant ' Chaffin Brothers Lumber Company take nothing, and also alleged that the defendants White have always been ready to pay the agreed contract price when the premises are cleared of liens. Chaffin Brothers Lumber Company filed a reply to the answer of C. W. Sanders. Chaffin Brothers Lumber Company also filed a motion to make more definite and certain the answer and cross-petition of the defendants White by stating whether the contract was in writing, and if in writing, require them to attach a copy. The motion was overruled, but the reporter's notes state that the answer and cross-petition was amended to allege · the contract was oral. Chaffin Brothers Lumber Company then filed its reply to the answer and cross-petition of the defendants White.

This somewhat complicated statement is necessary in view of the assignments of error. At the commencement of the trial the Chaffin Brothers Lumber Company objected to going to trial for the reason that the cause had not been at issue for ten days.

W. R. Gilchrist, for the plaintiff, testified that he made an oral contract with Chaffin Brothers Lumber Company with L. L. Fortna, manager of its Clinton yard, and completed the work in August, 1936, and filed his lien and gave notice thereof; that the amount due and unpaid was $428.10; that he demanded payment from the defendant through its agent, L. L. Fortna, who promised to pay him, but defendant Chaffin Brothers Lumber Company refused to pay him, and he learned in conversation with Mr. Leonhard, assistant manager of the Oklahoma City office, that the Chaffin Brothers Lumber Company were claiming that they were not the contractors.

Judgment was for the plaintiff, Gilchrist Plumbing & Electric Company, for $428.10, with interest and attorney fees; for the defendant Charles Styron for $49 and $15 attorney fees; and for the defendant Chaffin Brothers Lumber Company against the defendants White for $1,273.62. Defendant Chaffin Brothers Lumber Company appeals, and complains of error both as to the judgment against it in favor of the plaintiff and Charles Styron and for failure to enter a judgment for the defendant Chaffin Brothers Lumber Company for the full amount prayed for in the answer and cross-petition, and for a failure to enter a proper judgment in so far as the attorney's fee as to it and of defendant W. A. White was concerned.

Defendant White testified that he made the contract with L. L. Fortna, manager of the defendant Chaffin Brothers Lumber Company. We are of the opinion, and hold, that there is no evidence that Sanders was the contractor. We are of the further opinion, and hold, that the finding that the Chaffin Brothers Lumber Company was the contractor is sustained by the evidence.

It is first urged that the court erred in ordering the case to trial before it had been at issue ten days. Defendant relies upon Boorigie v. Boorigie, 130 Okla. 131, 265 P. 761, and Harn v. Interstate Bldg. & Loan Co., 68 Okla. 227, 172 P. 1081. The

defendant Chaffin Brothers Lumber Company filed a reply to the answer and cross-petition not of Gilchrist but of another defendant that had been on file for much longer than ten days. We are of the opinion, and hold, that the applicable rule is announced in Hill v. Jones, 180 Okla. 356, 69 P.2d 323, wherein the court holds contrary to defendant's contention.

It is next urged that there is not sufficient evidence that the local agent, L. L. Fortna, had power or authority to enter into the contract. This is not the only evidence as to the power and authority of agents of the defendant Chaffin Brothers Lumber Company. The evidence above referred to with relation to the conversation and transactions had with Leonhard, secretary or assistant manager of the Oklahoma City office, together with other evidence, thoroughly sustains the finding of the court that the Chaffin Brothers Lumber Company was the contractor.

It is next urged that the court erred in not rendering a personal judgment against the defendant W. A. White for the Chaffin Brothers Lumber Company. With this we agree. The error is practically conceded in the answer brief of the defendants White.

It is next urged that the court erred in admitting certain evidence of payments by the defendant White to certain laborers. This was not error, considering the nature of the action. These payments constituted a total of $43 and were practically admitted. No prejudice is shown in such action, and the cases cited as authority by the defendant Chaffin Brothers Lumber Company deal with payments of accounts and not in matters of adjustment of contested questions of fact, such as the case at bar.

It is next urged that the court erred in rendering judgment for an attorney's fee for the defendant White and refusing an attorney's fee to defendant Chaffin Brothers Lumber Company. With this contention we cannot agree. The defendant White was the prevailing party within the terms of section 11021, O. S. 1931, 42 Okla. St. Ann. sec. 176. We are convinced that, had the Chaffin Brothers Lumber Company carried out the terms of its contract, there would have been no suit brought for the foreclosure of the liens. Plaintiff proved its case without contest. It was given its judgment in foreclosure and for its attorney's fees. The defendants White proved beyond a question that they had a contract price for $1,900 for a "turn key" job. There is further evidence that the defendant, through its agent, L. L. Fortna, had authorized debts during the construction of the premises far in excess of the contract price, and for this reason was seeking to prove that the defendant Sanders was the contractor and had so notified the Oklahoma City office. We find no error in allowing attorney fees for the defendants White under the statute, or in denying an attorney's fee for the defendant Chaffin Brothers Lumber Company.

An objection is made to the finding of fact by the court. Authorities are cited under the section requiring the court to make findings of fact upon request. We are of the opinion that this error, if any, has been cured by causing to be rendered here such judgment as should have been rendered. Dearstone v. Grube, 167 Okla. 179, 29 P.2d 82; Gardner v. Gardner, 169 Okla. 469, 37 P.2d 599. The judgment of the court is modified and affirmed, with directions to enter a personal judgment in favor of Chaffin Brothers Lumber Company against W. A. White.

Modified and affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.