ALLIED PAINT MFG. CO. v. BANES et al.

No. 35523.    Feb. 17, 1953.

*253 P. 2d 826.*

E. D. Brewer and George E. Brewer, Tulsa, for plaintiff in error.

Gable, Gotwals & Hays, Edwin S. Hurst, and Joseph A. Moran, Tulsa, for defendants in error.

CORN, J.  This is a consolidated action, consisting of four cases by plain-

tiff, Allied Paint Manufacturing Company, each of such cases being based on a materialman's lien filed by the plaintiff against four separate parcels or real estate owned, one each, by four separate man-and-wife joint tenancy defendants.

Each of these four properties consisted of residences which had been constructed by Alred Construction Company and H. M. Alred, the then owners, and after construction one of them had been sold to each of the four defendant joint tenancy owners.

The plaintiff furnished the paint and wallpaper to Alred for the construction of these improvements, and on March 26, 1951, filed materialman's liens for the said paint and wallpaper bill on the four properties.

On April 7, 1951, the plaintiff released all four of the properties from the liens.

Later, on August 20, 1951, plaintiff filed the four separate actions herein consolidated, alleging that its lien releases filed on April 7, 1951, had been procured without consideration. Plaintiff prayed that the lien releases be set aside for lack of consideration, and that the liens be reinstated and that they be foreclosed.

In these four separate actions, plaintiff made Alred a party, and asked for personal judgment against him, as owner and builder, and made the four separate joint-owner groups parties, because, in the meantime, they had purchased the properties. Plaintiff made the Deming Investment Company a party, because prior to plaintiff's releases of liens Deming Investment Company had taken a mortgage on each of the four properties.

Deming Investment Company, by its attorneys, filed identical answers in each of the four cases, setting up its mortgagees, not asking foreclosure, but alleging priority over plaintiff. The defendants, William A. Brown and Viola Brown, by their attorney filed a separate answer, and the defendants, James S. Banes and Marien Banes, Mayes

Odell Brown and Orlene Brown, and Marcus A. Wells, Jr., and Celestine Wells, by their attorney, filed identical answers and each asked in the prayer for title to be quieted.

The court, by agreement of the parties consolidated all four of the cases.

Before the time of trial the plaintiff dismissed all four of its petitions in the four separate cases and released and quitclaimed all four of the properties involved in the four separate actions.

When the case came on for trial, plaintiff moved the court to dismiss the actions as to all parties.

The defendants, Deming Investment Company and the four joint-owner groups, objected to dismissal as to their separate answers and demanded that they be permitted to go to trial for affirmative relief on the issues raised by their answers.

The court overruled the motion of the plaintiff to dismiss as to all parties and, thereafter, the four joint-owner defendants and the Deming Investment Company filed motions for judgments on the pleadings.

The consolidated cases came on for trial on February 18, 1952, and the court sustained said motions over the objections of the plaintiff; then, without the introduction of any evidence, rendered judgments in favor of the four joint-owner defendants and the mortgage company against the plaintiff, quieting title in them against the plaintiff, and adjudging that by plaintiff's dismissal and releases of lien the plaintiff had confessed judgment and that the defendants were entitled to have their titles quieted against the plaintiff and to have attorneys' fees against the plaintiff, under the mechanic's and materialman's lien statute, and rendered $75 attorney fee in each case.

The plaintiff contends there is no affirmative issue raised by the answers of any of the defendants amounting to a cross-petition upon which to base a judgment quieting title in them. In each

of the cases the defendants rely upon the prayer of their answer as constituting a cross-petition upon which they can be given affirmative relief, to wit:

"Wherefore, premises considered, defendant prays that the plaintiff take nothing by this action; that the court establish the mortgage of this defendant, set up and herein described to be a first, valid, and subsisting lien upon the real estate prior and superior to the lien and claim of the plaintiff; that it recover its costs herein expended and the sum of $150.00 as attorneys' fees incurred by defendant in the defense of this action; and that this defendant have such other, further, and equitable relief as it may be entitled to, premises considerd."

In the answer of William A. Brown:

"Wherefore, having fully answered, defendants ask that plaintiff take nothing by its petition and that the court quiet the title of the defendants herein as to the said plaintiff, or as to any one claiming under or through it, and that the defendants recover their costs herein expended."

The prayer in the answer of the rest of the defendants is identical to the following, to wit:

"Wherefore, defendants James S. Banes and Marien Banes, pray that the plaintiff be denied relief in so far as it seeks to have the alleged lien reinstated and foreclosed as to the interest of these defendants; that these defendants' title and interest in and to said above described property be quieted as against the claims of said plaintiff; and that said defendants be allowed their costs herein expended together with a reasonable attorney fee and such other relief as may be just and proper."

The right of the plaintiff to dismiss is defined in 12 O. S. 1951 §§683, 684. and 685:

"An action may be dismissed without prejudice to a future action *** by the plaintiff before *** final submission *** to the jury or to the court, where the trial is by the court."

"* * * A plaintiff may at any time before trial is commenced, on payment of the costs and without any order of the court, dismiss his action, after the filing of a petition in intervention or answer praying for affirmative relief, but such dismissal shall not prejudice the right of the intervenor or defendant to proceed in the action * * *".

"In any place where set-off or counterclaim has been presented, the defendant shall have the right of proceeding to the trial of his claim, although the plaintiff may have dismissed his action or failed to appear."

The plaintiff in its brief cites Haley v. Brown (Tex. Civ. App.) 70 S. W. 2d 348, from which we quote:

"The right of a plaintiff to take a nonsuit (dismiss without prejudice) upon his own cause of action was considered of sufficient importance by the Legislature to be given express recognition.

"Owing to unexpected contingencies that may occur during a trial, it is a privilege which it may become necessary for the most careful and diligent litigant to exercise, and it is important that the substance, and not the shadow alone, of the right shall be preserved. * * *

"It is only when the defendant, by a counterclaim, seeks some 'affirmative relief' that the right of the plaintiff to discontinue the entire cause is forbidden. Obviously the defendant only seeks such affirmative relief when, by his own pleadings, he prays for some specific recovery that cannot be given to him under pleadings that are strictly defensive, and that serve only to compel the plaintiff to prove his own cause of action. The defendant must not only pray for affirmative relief, but he must state facts showing that he has a cause of action. If the defendant is doing no more than resisting the plaintiff's recovery, the statutes recognize the right of the plaintiff for his own protection, to dismiss the suit."

The plaintiff also contends that the counterclaim or cross-petition which can survive dismissal of the plaintiff's petition must pray for relief, distinctive and separate from the mere defeat of the plaintiff's cause.

"The various pleas and answers all are to the effect that the land belongs

122

to the defendant and not to the plaintiff. Simply stating the causes why the plaintiff does not own the land and why the defendant does, is no more a plea in reconvention than a plea of not guilty, in an action of trespass to try title." Peck v. McKellar, 33 Tex. 234.

The Supreme Court of California, in the case of Simpson v. Superior Court, 68 Cal. App. 2d 821, 158 P. 2d 46, held:

"The answers to the three actions, in addition to the denials in the usual form alleged from eight to fifteen separate defenses in substance that, the complaints do not state a cause of action; that the declaration of restrictions was void and in violation of the Constitutions of the State of California and of the United States; that said restrictions were against public policy; that said declaration of restrictions was not duly signed and lacked adequate consideration; that necessary parties are not included; that said restrictions constitute an 'illegal restraint upon alienation'; that the period of time provided for is indefinite; that the enforcement of said restrictions would be inequitable; that the defendants acquired the property in question without notice; and that the character of the community has changed. * * *

"It is at once evident from the foregoing that the only issues raised by the pleadings were whether the contract in question was valid and enforceable and whether its enforcement would be equitable. * * *

"In other words, the relief sought, if granted, operates not as a defense but, affirmatively and positively to defeat plaintiff's cause of action. The privilege of dismissing an action as provided by Section 581 is designed to afford to the plaintiff a certain freedom of action within the limits prescribed that cannot be circumscribed indirectly. Any attempt to wrest such control in any manner except as provided and clearly intended by its provisions, is ineffective for all purposes."

In the case of Mathews v. Sniggs, 75 Okla. 108, 182 P. 703, we held:

"A counterclaim or cross-petition must be pleaded as fully and distinctly, and with the same substantial requisites, as on original cause of action; it must be sufficient within itself without recourse to other parts of the pleading, or other pleadings, unless by express reference. It should be separately stated, and must show with certainty the character of the claim, how it accrued, and the facts making it a proper subject of counterclaim or cross-petition."

After an examination of the various answers of the defendants, we hold that none of the defendants pleaded a cross-petition or a counterclaim.

The plaintiff also asserts that the trial court could not render a judgment quieting title in the absence of an allegation and proof that the pleader is the owner and in possession of real estate involved and that opposing party is claiming some right, title or interest therein, and cites: Clewell v. Cottle, 99 Okla. 84, 225 P. 946, Martin v. Rogers, 151 Okla. 51, 1 P. 2d 696; and Robertson, Trustee, v. Knighten, Trustee, 192 Okla. 678, 139 P. 2d 601, all of which support his contention.

We now come to the question of whether the defendants are entitled to an attorney fee. 42 O.S. 1951 §176 provides:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

Clearly, under the facts in this case, the defendants are not entitled to an attorney fee.

The judgment is reversed and the cause remanded, with direction to the trial court to set aside and hold for naught the judgment rendered herein and sustain the motion of the plaintiff to dismiss.

DAVISON, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur. WELCH, J., dissents.