**M. R. BUTLER, Plaintiff in Error,**

v.

**Lee PROKOP, George Stone, A. F. Patterson, Jr., Mrs. Louis Steigledger, Jack Castator and Alice Anderson, Defendants in Error.**

**No. 37786.**

Supreme Court of Oklahoma.

Jan. 28, 1958.

D. F. Rainey, John Barksdale, Okmulgee, for plaintiff in error.

Smith, Inglish & Gray, Okmulgee, for defendants in error.

HALLEY, Justice.

On March 18, 1957, M. R. Butler, plaintiff in error, filed in the Superior Court of Okmulgee County, a mandamus proceeding whereby he sought to compel the Beggs School District No. 4 of Okmulgee County to place his name upon the ballot as a candidate for School Board member No. 4 at the regular school election in that district on March 26, 1957.

Plaintiff alleged that the office sought by him was vacant and that he had regularly· filed therefor, was duly qualified, but that the defendants, being the members and secretary of the Beggs School Board, had wrongfully refused to place his name upon the ballot after he had filed his application.

On March 18, 1957, the court issued an alternative writ of mandamus, whereby the defendants were commanded to amend or reprint the ballots for the School District, showing that a vacancy exists as to School Board member No. 4, and to show the plaintiff, M. R. Butler, as a candidate for said office, or that each defendant appear before the court on March 20, 1957, at 3 P.M. to show cause for their refusal to carry out the foregoing order.

On March 20, 1957, each defendant filed a separate answer alleging lack of jurisdiction over the defendants; that the citizens of Beggs were advised that an election for office No. 2 on the Board would be held on March 26, 1957, but no notice or call for an election for office No. 4 had been called; and that no vacancy exists for office No. 4; denying that such School Board nor any of its members are de facto members of the School Board; that plaintiff is attempting to try title to office No. 4, while he is not a proper person to try the title to such office, and the court lacks jurisdiction to try title to an office by mandamus; that the matters raised by plaintiff are res adjudicata, having been previously passed on in district court, causes Nos. 27,610 and 27,570, the records of which were incorporated by reference, plaintiff having been a

**402**

party in a class action in cause No. 27,-610 and estopped to bring this action; that the organization and title to the School Board office cannot be attacked by plaintiff.

They further answered by denying that Alice Anderson is a de facto secretary of the School Board; that all business transacted by the board is legal and valid; that plaintiff is attempting, in a "left-handed manner", an action in quo warranto to institute and maintain this action, and has no legal capacity to maintain an action in quo warranto; that plaintiff's petition is insufficient to support a writ of mandamus; deny generally allegations of plaintiff's petition, notice and alternative writ of mandamus; that members of the Board are de jure members and all actions thereof are lawful, and all members duly elected or appointed.

The defendants prayed that the alternative writ be quashed and that for lack of jurisdiction the petition of plaintiff be dismissed.

The court rendered judgment for the defendants, releasing the alternative writ, despite the efforts of the plaintiff to dismiss his action without prejudice, and plaintiff has appealed.

Plaintiff submits as his first proposition that:

"Plaintiff had an absolute, statutory right to dismiss this action at will at the time he attempted to do so and was denied that right by the trial court."

In order to fully understand the above contention we find it necessary to state what occurred at the time the court refused to allow the plaintiff to dismiss this case without prejudice.

At the same time plaintiff filed his case Kenneth Buckley filed a similar case against the same defendants in the same court, seeking a writ of mandamus requiring the School Board to place his name on the ballot as a candidate for office No. 3 on the Beggs School Board. The allegations are that his name was not placed upon the ballot, and prayed that the Board be ordered to place his name on the ballot for place No. 3. The writ was issued as in the Butler case.

The Butler case and the Buckley case were called for trial at the same time and the attorney for the plaintiff in each case announced that he would proceed to try the Buckley case first.

The issues of the Buckley case were submitted and the court rendered judgment for the plaintiff in that case. There is no evidence that either party ever suggested that the cases be consolidated nor was any order of consolidation entered at any time. However, the following occurred:

"The Court: Now on this other case, there is no question of time involved in so far as the seventy (70) day period is concerned, only the question of the members of the board that made the appointment. I am going to rule for the defendants in that case.

"Mr. Rainey: Comes now the Plaintiff in the Butler case and dismisses his Petition without prejudice. There has been no evidence offered in it and no record made on it.

"Mr. Inglish: Wait now, the Court ruled in that and we want the ruling.

"Mr. Rainey: No he didn't rule.

"Mr. Inglish: Yes, he did.

"Mr. Rainey: He was talking about it is all.

"The Court: I'm going to make a ruling on it. I think that they are companion cases and they should be ruled on—you can have your exceptions but I am ruling on it at this time and the Court finds for the defendants.

"Mr. Rainey: Now if the Court please, I want to make a record on my dismissal.

"The Court: All right, you certainly may.

"Mr. Rainey: I submit to the Court that the right exists to dismiss the action before any evidence is offered in the case, before any issue is submitted to the Court, which obviously has not been done, not a scintilla of evidence

offered in that case or any statement made in it.

"The Court: Let the record show that case No. 9507 is a companion case to case No. 9506; that the same questions are involved in both cases other than the time element of seventy (70) days is not involved in case No. 9507 as admitted by the Plaintiff's Counsel and for that reason the Court rules for the defendants in that case.

"Mr. Rainey: Note the exceptions and objections of the Plaintiff in the Butler case for the reason that the Court has nothing before him upon which he can act, even though the cases are in some aspects related we have not had the opportunity to nor are we required to offer our evidence in that case nor have we submitted the issues in that case and we reiterate our dismissal of the action without prejudice. In fact, the case has never been called for trial.

"The Court: The Court observed that said case would not had been dismissed had not the Court indicated its ruling in the matter."

The Journal entry is in part as follows:

"Now on this the 22nd day of March, 1957 the above styled and numbered cause being set for hearing pursuant to notice given and prior Order of this Court, and all parties appearing in person and by their respective Attorneys, and when this case and the case of *Kennety* Buckley v. Lee Prokop, bearing number in this Court of 9506 are by the Court called, it is announced by the parties that the Buckley case will be tried and the parties proceeded to trial in the Buckley case. At the conclusion of the trial of the Buckley case and no formal evidence having been offered in this case, no argument having been presented nor statements made herein, the Court asked Counsel for both parties if the appointment in the case at bar was made within a seventy day (70) period following the resignation of the Plaintiff's predecessor, and after Counsel advised the Court that said appointment was made within a seventy (70) day period. the Court announced that Judgment would be rendered for the defendants and to which said announcement, Order and Judgment of the Court, Plaintiff duly excepted."

This judgment for defendants was excepted to by plaintiff who gave notice of appeal, after motion for a new trial was heard instanter and denied.

In support of his first contention plaintiff cites Tiffany v. Tiffany, 200 Okl. 670, 199 P.2d 606, in which it is stated in the first paragraph of the syllabus as follows:

"Final submission of a case within the purview of 12 O.S.1941 § 683, contemplates its final submission upon the law and the facts and in a case tried to the court where the evidence has been concluded and time given to counsel for future argument or future filing of briefs, the cause is not finally submitted and plaintiff may dismiss without prejudice."

He also cites Hubbard v. Hubbard, 190 Okl. 679, 126 P.2d 524, where it is said in the syllabus:

"It was error for the trial court to deny a motion to dismiss the plaintiff's action under section 683, 12 O.S.1941, where no evidence had been heard or offered by the plaintiff even though the jury had been called and the court indicated an adverse ruling on suggested evidence of the plaintiff made in the opening statement."

■ In the more recent case of Allied Paint Mfg. Co. v. Banes, 208 Okl. 119, 253 P.2d 826, 827, it is said in the first paragraph of the syllabus:

"An action may be dismissed without prejudice to a future action by the plaintiff before final submission to the jury or to the court, where the trial is by the court."

The above decisions are based upon 12 O.S.1951 §§ 683, 684 and 685. They appear

to be clearly applicable to these statutes. The question of right to dismiss where cross-petitions have been filed is not involved here.

From the quoted remarks of the court and counsel above recited as occurring at the conclusion of the Buckley case, we must conclude that the Butler case had not been called for trial; no consolidation order had been made nor even mentioned; the plaintiff had made no statement whatever as to the facts or law and had said nothing to indicate that he was ready to submit the Butler case to the court, but moved to dismiss without prejudice. The plaintiff did admit that the 70-day period involved in the Buckley case was not involved in the Butler case, but this can hardly be construed as an announcement that he was submitting the Butler case to the court without making an opening statement or submitting one word of testimony in the Butler case or submitting a word of argument. It was nowhere admitted that the facts in the Buckley and Butler cases were identical after eliminating the 70-day period involved in the Buckley case.

Plaintiff contends that there is no evidence, admission or stipulation within the four corners of the case-made which will sustain the judgment rendered by the trial court.

We agree that there must be proof of sufficient facts to sustain a judgment. Section 577, 12 O.S.1951, providing the "Order of trial" was not complied with. Sections 551–557, 12 O.S.1951, were not complied with. We find it unnecessary to discuss further the second proposition since we have concluded that the court erred in denying plaintiff his right to dismiss without prejudice under plaintiff's first proposition.

The judgment is reversed with directions to sustain the motion of the plaintiff to dismiss the case without prejudice.

WELCH, C. J., CORN, V. C. J., and JOHNSON, WILLIAMS, JACKSON, and CARLILE, JJ., concur.