O. E. PIERSON and Isabel Pierson, Plaintiff in Error,

v.

AMERICAN NATIONAL BANK OF SHAWNEE, Oklahoma, Defendant in Error.

No. 37934.

Supreme Court of Oklahoma.

May 6, 1958.

P. D. Erwin, Chandler, for plaintiff in error.

Spurr & Steed, Shawnee, for defendant in error.

PER CURIAM.

This is an appeal on the original record by plaintiffs in error from a judgment foreclosing a mortgage executed by them on certain real property of which they are the record owners. Further reference to the parties will be by their trial court designation.

The plaintiff, American National Bank of Shawnee, instituted this action against these defendants, O. E. Pierson and Isabel Pierson, and others not parties to

this appeal, to recover judgment on certain promissory notes and to foreclose the real estate mortgage security for the notes. The substance of defendants' answer to the petition was that they were not liable for the debt evidenced by the notes and mortgages since they had signed the instruments to accommodate the plaintiff and the real debtor. Their answer alleged that they had never had the deed to the property covered by the mortgage; that they permitted title to the property to be conveyed to them of record as an accommodation to plaintiff and the actual debtor; that they had never been in possession or control of the premises; that they had never collected any of the rents; that they were not liable. Although the answer also contained a general denial, it appears that the allegations of the pleading admit the execution of the notes and mortgage by the defendants.

After plaintiff filed a reply controverting the allegations of the answer, it subsequently filed a waiver of its right to a personal judgment against these defendants and moved for judgment on the pleadings foreclosing the mortgage on the theory that the defendants' answer constituted a disclaimer as to the property involved. The trial court construed the answer to be a disclaimer of any interest in the property and entered judgment against defendants foreclosing the mortgage "without any costs and attorney's fee being taxed against them * * *."

Defendants first assert that the court erred in sustaining the motion for judgment on the pleadings because their answer raised issues of fact. We do not agree that the answer raised issues of fact as to the mortgage, defendants' interest in the real property, or the right to foreclose. Rather, the trial court correctly construed this answer to be a disclaimer of any ownership by defendants of the real property covered by the mortgage. The affirmative allegations of the answer and the issues made therein relate to these defendants' liability on the notes; but this issue was eliminated from the action by plaintiff's waiver of its right to a personal judgment. Plaintiff was still entitled to foreclose the mortgage without seeking a personal judgment. Echols v. Reeburgh, 62 Okl. 67, 161 P. 1065; Irwin v. Sands, Okl., 265 P.2d 1097. Since defendants disclaim any interest in the mortgaged premises, they can hardly complain of a foreclosure of the mortgage. They have not been prejudiced by the judgment which specifically exempted them from any personal liability.

■ The major argument of defendants is directed in support of their claim for an attorney's fee. They contend the statute requires the allowance of a fee to them. 42 O.S.1951 § 176. We do not agree. The statute only authorizes a fee for the party "for whom judgment is rendered." This judgment was rendered against these defendants and in favor of the mortgagee. These defendants do not come within the provisions of the statute. Snyder v. Tulsa Engineering & Const. Co., Okl., 312 P.2d 488; Indo Oil Co. v. Bennett, 202 Okl. 300, 213 P.2d 546; Leasburge v. Horner, 110 Okl. 162, 236 P. 880. The court's judgment assessing costs against the other defendants does not make these defendants parties "for whom judgment is rendered" as required by the statute. The taxing of costs is discretionary with the court. 12 O.S.1951 § 930. For the defendants to be entitled to attorney's fees, the judgment must be against the lien claim. Oklahoma Farm Mtg. Co. v. Cesar, 178 Okl. 451, 62 P.2d 1269. Neither does the abandonment of the claim for a personal judgment entitle defendants to an attorney's fee. Hertzel v. Weber, 118 Okl. 82, 246 P. 839.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, and JACKSON, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opin-

ion was written by the Commission, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.