Louise M. MILLER, formerly Louise M. Loomis, Plaintiff in Error,

v.

The LIBERTY NATIONAL BANK AND TRUST COMPANY OF OKLAHOMA CITY, a National Banking Association, Defendant in Error.

No. 40473.

Supreme Court of Oklahoma.

April 7, 1964.

Carroll & Carroll, Oklahoma City, for plaintiff in error.

Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Oklahoma City, for defendant in error.

DAVISON, Justice.

This is an appeal by Louise M. Miller, formerly Loomis (defendant below), from an adverse judgment in favor of Liberty National Bank and Trust Company (plaintiff below), refusing to allow defendant an attorney fee for the benefit of her attorneys. The parties will be referred to by their trial court designation.

There is no conflict in the pertinent facts disclosed by the record. On November 30, 1961, plaintiff filed suit against defendant and M. E. Parsons and Grace F. Parsons to foreclose a real estate mortgage given

by defendant to her co-defendants Parsons on March 5, 1958, for $6000, payable $75 per month. The petition alleged that the mortgage and the note it secured had been assigned to plaintiff by the Parsons as collateral for a loan and that it owned the note and mortgage and that any interest of the Parsons therein was junior to the rights of plaintiff therein. Plaintiff prayed judgment against defendant for $6000 and attorney fee and foreclosure and for a judgment decreeing the right of the Parsons junior to the title of plaintiff. The defendant filed an answer alleging she had made all payments required by the note and further that the note had been credited with a portion of the condemnation proceeds arising from a proceeding whereby a portion of the property had been taken for public purposes. Defendant prayed that the plaintiff be denied any recovery against defendant; that the true ownership of the note and mortgage be judicially determined so that defendant could make payments to the proper person; and for $1000 attorney fee.

The defendants Parsons answered admitting the assignment of defendant's note and mortgage to plaintiff and that plaintiff was the owner of the note and mortgage and alleging that the balance due thereon was about $2066.33.

Plaintiff thereupon filed an amendment to its petition in which it withdrew the allegations as to the amount due by defendant on the note, the alleged default in payment, the alleged right to foreclosure, and withdrew all allegations except as to quieting its title to the note and mortgage against defendant and the Parsons. Plaintiff also filed a second amendment to its petition reciting the trustee in the bankruptcy of M. E. Parsons had disclaimed any right or interest in said note and mortgage. Defendant moved to strike these amendments on the ground that they were a substantial departure from the original petition and prejudicial to defendant, but restated her right to a judicial determination as to the true ownership of the note and mort-

gage. Defendant also filed a motion for judgment on the pleadings. These motions were overruled by the trial court.

The trial of the matter to the court resulted in a judgment that plaintiff was the owner of the note and mortgage and a finding as to the balance to be paid and directing defendant to make the payments to plaintiff. It was further held that defendant had done all things required of her and had made the payments when due. The judgment denied defendant's prayer for an attorney fee, but charged the costs to plaintiff.

■ Defendant contends that the court erred in permitting plaintiff to file amendments to the petition by which it withdrew all allegations and issues therefrom except its claim of ownership of the note and mortgage. Defendant relies upon 12 O.S. 1961 § 317, and urges that contrary to the provisions of said statute, the amendments materially change the claim of plaintiff to the prejudice of defendant, and was done to defeat defendant's right to an attorney fee.

Under the circumstances it appears to us that the contention of defendant is inconsistent with the issues presented by her answer. The answer denied the allegations of the petition as to the amount due or that defendant was in default and denied plaintiff's right to foreclose. The court and the parties regarded the amendments as an admission by plaintiff that, as to these issues, the allegations of the answer were true. This eliminated such issues. There was no issue as to the validity of the note and mortgage and the lien thereof. Both the petition and answer asked that the ownership of the note and mortgage be determined and this was the only question of fact left for the court to decide. We fail to see how defendant can complain when plaintiff confesses the truth of the allegations in defendant's answer.

■ Under the provisions of 12 O.S. 1961 § 317, the court may, in furtherance of justice, permit the amendment of a pleading

to correct a mistake in any respect when the amendment does not change substantially the claim or defense. It is obvious that plaintiff made a mistake and that the petition erroneously alleged the amount due and default in payment. The fact that under the circumstances this amendment eliminated these issues and the foreclosure is not significant. The amendment reduced the action to a determination of the question asked by both plaintiff and defendant, as to ownership of the note and mortgage. Clearly the amendment was in furtherance of justice.

In Doyle v. Oklahoma Press Pub. Co., 206 Okl. 254, 242 P.2d 155, 157, it is stated:

"The general rule is that a trial court, in his own discretion, may permit any pleading to be amended in furtherance of justice. In this state such authority is granted the trial court by statute, 12 O.S.1941, § 317. The basis for such rule is that, insofar as possible, every case should have a speedy determination upon its own facts, in order to do substantial justice to the litigants. 34 Am.Jur., Limitation of Action, section 261; Motsenbocker v. Shawnee Gas & Elec. Co., 49 Okl. 304, 152 P. 82, L.R.A.1916B, 910. The controlling test governing the propriety of permitting amendments to the petition should be whether the ends of justice will be promoted by such amendment. * * *"

It is our conclusion the amendment was proper.

Defendant also urges that the trial court erred in denying her prayer for an attorney fee. Defendant relies on 42 O.S.1961 § 176:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

▪ The contention of defendant must be considered in the light of the rule of law stated in Globe & Republic Ins. Co. of America v. Independent Trucking Co., Okl., 387 P.2d 644:

"The right to recover attorney's fees from one's opponent in litigation as a part of the costs thereof does not exist at common law. Such allowances in the absence of statute or some agreement expressly authorizing the same, cannot be sustained."

The statute, Sec. 176, describes the person entitled to the attorney fee as being one "for whom judgment is rendered." In Oklahoma Farm Mortgage Co. v. Cesar, 178 Okl. 451, 62 P.2d 1269, this court held the plaintiff's mortgage to be valid, and in determining defendant's right to an attorney fee under the above statute said:

"* * * Thereunder no attorney's fee may be allowed the attorney for the defendant unless the final judgment be against the lien claim."

See also Pierson v. American National Bank of Shawnee, Okl., 325 P.2d 426, 428, and cases cited.

▪ In the present case the action initially was one to foreclose the mortgage lien, but there was never any question raised as to the validity of such lien, and when plaintiff properly amended the petition the matter of enforcement of the mortgage by foreclosure was removed from the action. Only the question of ownership of the note and mortgage remained and the judgment determined that plaintiff was the owner thereof. No judgment was rendered in favor of defendant against the lien claim.

Under the facts in this case the defendant was not entitled to an attorney fee.

▪ Defendant further argues that the court erred in denying her motion for judgment on the pleadings. This motion was filed after plaintiff's amendment to its petition. The court would have been justified in sustaining the motion only if the pleadings reflected she was entitled by law to a judgment in her favor. 12 O.S.1961 § 698. As heretofore shown this would require that the pleadings reflect defendant

was entitled to a judgment against plaintiff's mortgage lien claim as a basis for judgment for an attorney fee. The pleadings admitted such lien and the motion was properly denied.

Defendant also contends that the court erred in overruling her demurrer to plaintiff's evidence. Without reciting the evidence, it is only necessary to say that the only evidence pertinent to the issue was with regard to plaintiff's title to the note and mortgage. Defendant's answer asked that this be established and the evidence settled this issue. The trial court correctly overruled the demurrer.

Affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and WELCH, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.