SWAN–SIGLER, INC., a Corporation, Plaintiff in Error,

v.

Garland BLACK and Verna Black, husband and wife, Defendants in Error.

No. 41148.

Supreme Court of Oklahoma.

May 10, 1966.

Lytle, Soule & Emery, Oklahoma City, for plaintiff in error.

Bailey & Jones, Cordell, for defendants in error.

LAVENDER, Justice:

This was an action in the District Court of Washita County, Oklahoma brought by Swan-Sigler, Inc., a corporation, hereinafter called plaintiff, against Garland Black and Verna Black, husband and wife, hereinafter called defendants Blacks. The

action also was against one Stephens, an electrical contractor, who is not a party to this appeal. The plaintiff prayed for money judgment against Stephens and for foreclosure of a materialman's lien against the real property upon which the improvement was made and which was owned by the defendants Blacks. The cause proceeded through the pleading stage with the filing of an amended answer by the defendants Blacks in which they alleged payment in full and other defenses and prayed that the plaintiff take nothing and that these defendants be allowed an attorney fee of $175.00, together with all other proper, legal and equitable relief.

After the case was at issue as between the plaintiff and the defendants Blacks (the defendant Stephens having made no appearance), the trial court awarded a default judgment against Stephens, and the plaintiff filed a voluntary dismissal of its petition as against the defendants Blacks. Thereafter the trial court entered a judgment for the defendants Blacks and against the plaintiff for an allowance of $150.00 attorney fee to be taxed as costs in the action. It is from this judgment of the trial court allowing the recovery of attorney fee that plaintiff brings this appeal.

Plaintiff presents one proposition as grounds for the reversal of the judgment of the trial court. This proposition is: "In an action brought to foreclose a materialman's lien, an attorney's fee may only be allowed to a party for whom judgment is rendered." The defendants Blacks in response thereto argue that plaintiff's right to dismiss its action was not unqualified, suggesting that to allow the plaintiff to dismiss under these circumstances so as to defeat the defendants Blacks' claim for an attorney fee would be prejudicial to these defendants, and further suggesting that here these defendants in their Amended Answer had prayed for "affirmative relief" when they "affirmatively asked the court to award the defendants attorney fees." The defendants seem to take the further position that they became the "prevailing

parties" in the lien foreclosure action as between them and the plaintiff when the latter filed its dismissal, and that as such they became entitled to an allowance of attorney fees, citing in support of this theory Keaton et al. v. Branch, 104 Okl. 287, 231 P. 289.

Considering first the right of the plaintiff in this cause to dismiss its petition against the defendants Blacks prior to final submission to the court or jury, we note that the legislature felt that this right of a plaintiff was important enough to call for a specific provision in the statutes. 12 O.S.1961, § 684 provides in part:

"A plaintiff may, on the payment of costs and without an order of court, dismiss any civil action brought by him at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the action. * * *"

The statute goes on to provide that the plaintiff may even dismiss after the filing of a petition of intervention or answer praying for affirmative relief, but such dismissal shall not prejudice the right of the intervenor or defendant to further proceed. We are unable to agree with the contention of the defendants Blacks that the prayer in their amended answer praying for an allowance of attorney fees is a prayer for affirmative relief so as to preserve such as an "issue" even after the issue of allowance, or disallowance, of a lien foreclosure was removed from the cause by a dismissal by the plaintiff. We do not believe the legislature, in enacting the cited statute, had that intent. The only prayer for relief, other than for the allowance of an attorney fee, was that the plaintiff's prayer for foreclosure of the lien be denied. See Allied Paint Mfg. Co. v. Banes, 208 Okl. 119, 253 P.2d 826, and Goins v. Fox, Okl., 332 P.2d 220.

The defendants Blacks' theory, that upon the filing of the dismissal they became the "prevailing parties" as against the plaintiff and entitled to an allowance of

attorney fees, is, we believe, contrary to the clearly expressed meaning of 42 O.S. 1961, § 176, which is as follows:

"In an action brought to enforce any lien the party *for whom judgment is rendered* shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action." (Emphasis supplied.)

In the Keaton case, supra, cited by defendants Blacks, the constitutionality of what is now 42 O.S.1961, § 176 was attacked. This court held, among other things, that the statute allowing the recovery of attorney fees in lien foreclosure actions was constitutional. The facts in that case were that the plaintiff and defendant entered into a contract by the terms of which plaintiff agreed to furnish the labor and material to erect an oil derrick upon the defendant's property. At the trial plaintiff recovered judgment for the full amount sued for; $100.00 attorney fees, and for foreclosure of the lien on the property. This court, in discussing the validity of the cited statute, said that the statute allowed a "reasonable attorney fee to the prevailing party in lien foreclosure cases." We believe that the use of the words "prevailing party" by this court in that case meant merely the one for whom judgment is rendered, meaning, of course, a judgment upon the validity or invalidity of the lien. In the present case no judgment was entered for or against anyone adjudging that the plaintiff did or did not have a valid lien against the property of the defendants Blacks. The issue of the validity of the lien was removed from this lawsuit by the filing of a voluntary dismissal by the plaintiff. In the Keaton case, however, judgment was rendered for the plaintiff, and under the statute the plaintiff became entitled to recover an attorney fee. The Keaton case, in our opinion, is not in point with the facts in the case before the court.

In Miller v. Liberty National Bank and Trust Co. of Oklahoma City, Okl., 391 P.2d 269, plaintiff bank brought an action against the maker of a note and real estate mortgage and the mortgagees who had assigned the note and mortgage to the bank as collateral for a loan to the mortgagees. The bank asked for judgment against the mortgagor for the unpaid balance of the note and for foreclosure of the mortgage and asked for judgment against the mortgagees that the bank was the owner of the note and mortgage. After the mortgagor had filed an answer alleging that all payments on the note had been made as required and that there was no default and the mortgage was not subject to foreclosure, and praying for an attorney's fee, the bank, in effect, dismissed its action for enforcement of the mortgage lien by amending its petition so as to withdraw all allegations concerning default and foreclosure of the mortgage and leave only its allegations as to title to the note and mortgage, and prayed only for judgment establishing its title to the note and mortgage as against the mortgagees. Mortgagor, who also had prayed the court to determine ownership of the note and mortgage so that she would know whom to pay in the future, moved to strike the amended petition on the ground of departure from the original petition, in that it was designed only to defeat her right to an attorney's fee, but still insisted on a determination of the ownership of the note and mortgage. This motion was overruled, and after trial of the remaining issue the trial court decreed that the bank was the owner of the note and mortgage and directed the mortgagor to make all future payments to the bank. Although finding, in its journal entry of judgment, that the mortgagor had done all things required of her and made all payments as required, the trial court denied her prayer for an attorney's fee. On appeal by the mortgagor-defendant, the court held that the plaintiff was entitled to amend its petition when it did, and that by such amendment the matter of enforcement of the mortgage lien by foreclosure was removed from the action as an issue. On the matter of the attor-

ney's fee, the court held in the third paragraph of its syllabus that:

"Title 42 O.S.1961, Sec. 176, provides, 'In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee to be fixed by the court, which shall be taxed as costs in the action.' Thereunder no attorney's fee may be allowed the attorney for the defendant unless the final judgment be against the lien claim."

The cases of Oklahoma Farm Mortgage Co. v. Cesar, 178 Okl. 451, 62 P.2d 1269, and Pierson v. American National Bank of Shawnee, Okl., 325 P.2d 426, 428, were also cited by the court in the Miller case in support of the above statement.

This court also held in the Miller case, supra, in the second paragraph of the syllabus by the court:

"The right to recover attorney's fees from one's opponent in litigation as a part of the costs thereof does not exist at common law. Such allowances in the absence of statute or some agreement expressly authorizing the same, cannot be sustained."

Judgment of the trial court allowing $150.00 attorney fees in favor of defendants Garland Black and Verna Black reversed and cause remanded with directions to the trial court to vacate said portion of its judgment.

JACKSON, V. C. J., and DAVISON, WILLIAMS, IRWIN and BERRY, JJ., concur.

HALLEY, C. J., dissents.

HALLEY, Chief Justice (dissenting):

The majority opinion stresses the right of the plaintiff to dismiss a civil action under the provisions of Title 12 § 684, O.S. 1961. The section reads:

"A plaintiff may, on the payment of costs and without an order of court, dismiss any civil action brought by him at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the action. * * *"

I do not question the right of the plaintiff to dismiss a civil action under the above section. I believe that § 684, supra, must be construed with other sections of our statutes. If another section of our statute imposes certain obligations on the plaintiff as conditions for the dismissal of the action the plaintiff must comply with these conditions. Title 42 § 176, O.S.1961, reads:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

In upholding the constitutionality of Section 176, supra, this court in Keaton v. Branch, 104 Okl. 287, 231 P. 289, stressed the fact that the statute was constitutional because it "provides for the allowance of a reasonable attorney fee to the prevailing party in lien foreclosure cases."

This court said:

"* * * This section provides for the allowance of a reasonable attorney fee to the prevailing party in lien foreclosure cases. It is contended that the section referred to contravenes section 1, art. 2, and section 6, art. 2, of the Constitution of state of Oklahoma. Such contention cannot be upheld. This section of the statute as fully protects the defendants for their reasonable attorney fee as it does the plaintiffs in lien foreclosure cases. Both the plaintiffs and defendants are afforded equal protection of the law for the attorney fee. * * *"

Applying the principles declared in Keaton v. Branch, supra, to the facts in the present case the defendant does not secure equal protection in the matter of attorney's fee if the statute is construed in accordance with the majority opinion. In the present case the plaintiff filed suit to foreclose a materialmen's lien. The defendants were

required to employ attorneys to protect their interests. These attorneys prepared and filed on behalf of the defendants an affirmative defense. Plaintiff voluntarily dismissed the case. When the plaintiff voluntarily dismissed the case as to the defendants after the issues were made up the defendants became "the prevailing parties" within the purview of section 176, supra. To hold otherwise would not be in keeping with the spirit and purpose of the section. Again referring to Keaton v. Branch, supra, this court said, " * * * this section of the statute as fully protects the defendants for their reasonable attorney fee as it does the plaintiffs in lien foreclosure cases." The defendants are not equally protected in regard to their attorney's fees if they are deprived of the right to collect them by the voluntary dismissal of the action by the plaintiff. The fact that the case was dismissed and the attorneys were not required to try the case is a factor to be considered by the court in its discretion in determining the propriety of allowing attorneys' fees and also the amount of the fee but should not be considered as an absolute bar to the allowance of a fee if justified under the circumstances presented.

In Chaffin Bros. Lumber Co. v. White, 184 Okl. 253, 86 P.2d 982, the defendant interposed the defense of a "Turn-Key" job the defense being practically the same as the defense of the defendants Blacks in the present case. The case was tried on the issues and the defendant sustained the defense. His attorneys were allowed an attorney's fee. This court said:

"In an action to foreclose a lien on real estate where the defendants, owners of the premises, *are the prevailing parties* it is not error for the court to allow said owners a reasonable attorney fee in such proceeding."

The difference between the facts in Chaffin Bros. Lumber Co. v. White, supra, and those in present case is that in Chaffin the defense was tried on its merits while in the present case the attorneys after interposing the defense, were deprived of the opportunity to present it by the voluntary dismissal of the plaintiff.

The majority opinion stresses the case of Allied Paint Mfg. Co. v. Banes, 208 Okl. 119, 253 P.2d 826, in support of the contention that the court was without authority to allow the defendants an attorney fee after the plaintiff had dismissed its action against them. In the case cited, plaintiff filed four suits against several defendants seeking to foreclose materialmen's liens. The defendants filed answers stating affirmative defenses. At the trial plaintiff moved to dismiss the actions. Defendants resisted the motions to dismiss and they were denied. At the trial of the case on its merits the court sustained the motions of the defendants for judgment and allowed an attorney's fee for the defense attorney in each case. This court reversed the cases with directions to sustain the motions of the plaintiff to dismiss and vacate the order allowing attorney fees.

I have carefully reviewed the case of Allied Paint Mfg. Co. v. Banes, supra, and reluctantly reach the conclusion that the case is not in harmony with the intent and purpose of section 176, supra, in providing for the allowance of attorney's fees *to the prevailing party* in actions seeking the foreclosure of materialmen's liens. Keaton v. Branch and Chaffin Bros. Lumber Co. v. White, supra.

I recommend the overruling of Allied Paint Mfg. Co. v. Banes, supra. "Precedents, like the ambition which Brutus attributed to Caesar, 'should be made of sterner stuff'." Riley v. Riley (Fla.App.), 131 So. 2d 491.

I respectfully dissent.